```
                                                                    PS
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY STEVENS, C.T (Minor) and A.T.
(Minor),
                                                        DECISION AND ORDER
              Plaintiffs,                                    15-CV-462S

       -v-

ASHLEY MANAGEMENT LLC,
RENAISSANCE "LUXURY" APARTMENT,
and AUTUMN CREEK APARTMENTS
LLC,

              Defendants.
_____
```

## INTRODUCTION

Plaintiff, Tracy Stevens ("Plaintiff" or "Stevens"),[1] has filed a *pro se* Complaint on her behalf and on behalf of her two minor children, C.T. and A.T., alleging that her landlords, Defendants Ashley Management LLC, Renaissance "Luxury" Apartments and Autumn Creek Apartments ("Defendants"), were negligent and failed to accommodate her and/or her minor children's asthma disabilities in violation of the Americans with Disabilities Act ("ADA"). (Docket No. 1, Complaint.) Stevens also seeks permission to proceed *in forma pauperis*. (Docket No. 2.)

Plaintiff alleges that the Defendants were negligent when, on February 1, 2015, she slipped on water in her apartment caused by a leak in the kitchen ceiling that the Defendants had failed to repair, and when, in December 2014, her children, C.T. and

---

[1] Plaintiff has filed a number of other cases in this Court *pro se*: *Stevens v. Landes, et al.*, 1:13-CV-00643-WMS; *Stevens v. United Healthcare/Optum, et al.*, 1:14-CV-00297-WMS; and *Stevens v. Town of Amherst*, 1:15-CV-00537-WMS.

A.T., were attacked by the child of another tenant at Renaissance Apartments and thereafter suffered "emotional harm." (*Id.*, Section 5A, First Claim, at 3-4.) She then requested a transfer to Autumn Creek Apartments and, upon her acceptance of Apartment 20H, she was told that this apartment was not available. She was instead provided with Apartment 140G, an "infested" apartment that caused her and her children to seek "urgent medical treatment" for asthma attacks. She claims this was a refusal to provide a reasonable accommodation and seeks damages for medical bills, punitive damages of $100,000, and an order fining the landlord. (*Id.*)

Stevens also claims that on April 27, 2015, she was "deceived" into accepting the "infested" Apartment 140G at Autumn Creek Apartments because the landlord wished to keep Apartment 20H empty so that the former tenant could be forced to continue to pay rent for it. Further, she was told that there had been no pets in Apartment 140G previously. She claims that the landlord's refusal to change the carpet of the "infested" apartment or relocate her constitutes a violation of the ADA. (*Id.*, Section 5B, Second Claim, at 4.) This "Second Claim" appears to be part of the claim alleged in the First Claim regarding the "infested" apartment. Plaintiff seeks punitive damages in the amount of $100,000.

For the following reasons, Stevens' motion to proceed *in forma pauperis* is granted, the claims on behalf of C.T. and A.T. must be dismissed without prejudice because Stevens cannot represent the minor children *pro se*, and the claims on behalf of Stevens must be dismissed because they fail to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and because the Court declines to

exercise supplemental jurisdiction over Plaintiff's state common law claims of negligence.

**DISCUSSION**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), she is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating the Complaint, this Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'"  *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Nevertheless, even pleadings submitted *pro*

3

*se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary" and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Additionally, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court should look for such allegations by reading the Complaint with 'special solicitude' and interpreting it to raise the strongest claims it suggests." *Austin v. Fischer*, 453 Fed. App'x 80, 83 (2d Cir. 2011) (summary order) (citing *Triestman v. Fed. Bureau. of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)) (quoting *Routolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).

Based on its evaluation of the Complaint, the Court finds that the claims on behalf of C.T. and A.T. must be dismissed and Stevens' claims must also be dismissed, because they fail to state a claim upon which relief may be granted, *see* 28 U.S.C. §

1915(e)(2)(B)(ii), and because the Court declines to exercise supplemental jurisdiction over plaintiff's state law negligence claims.

### A.  Claims on Behalf of Minor Children

To the extent Stevens has brought this Complaint on behalf of her minor children, C.T. and A.T., she may not act as their representatives in this action because she is not an attorney admitted to practice before this Court.  Stevens, therefore, may not proceed *pro se* on behalf of C.T. and A.T.  *See Wenger v. Canastota Central School District*, 146 F.3d 123, 124-125 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.,* 550 U.S. 516 (2007); *Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 61 (2d Cir. 1990).  Before dismissing A.T. and C.T.'s claims on this basis alone, the Court must consider whether it is necessary to appoint counsel for them. *See A.M. ex rel J.M. v. NYC Dept. of Educ.*, 840 F.Supp.2d 660, 675 (E.D.N.Y. 2012) (citing *Wenger*, 146 F.3d at 125 (vacating district court's order dismissing child's claim brought by father pro se where court had not first "consider[ed] whether [the child] is entitled to the appointment of counsel.")).

There is no right to counsel in civil cases.  Even where, as here, "'without appointment of counsel, the case will not go forward at all,' appointment of counsel is not required 'when it is clear no substantial claim might be brought on behalf of such a party.'"  *A.M. ex rel J.M.*, 840 F.Supp.2d at 675 (quoting *Wenger*, 146 F.3d at 125, and citing *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 174 (2d Cir.1989) ("[E]specially a threshold showing of some likelihood of merit, should be borne in mind by trial and appellate courts in deciding whether to appoint counsel."); *Schoon v. Berlin,* No. 07 CIV. 2900 JGK, 2011 WL 1085274, at *2 (S.D.N.Y. Mar. 23, 2011) (denying appointment of

counsel and dismissing all claims brought on behalf of child without prejudice where the complaint had "provide[d] insufficient indicia that the claims [we]re likely to be meritorious"); *Mills v. Fischer*, No. 09-CV-0966A, 2010 WL 364457, at *2 (W.D.N.Y. Feb. 1, 2010) (Telesca, D.J.) (denying appointment of counsel for *pro se* minor in Section 1983 suit where the claims raised in the complaint were "not likely to be of substance")).

In determining whether appointment of counsel is necessary in a *pro se* case brought by a party who is unable to represent himself because he is a minor or is otherwise incompetent, the Court must consider whether, without appointment of counsel, the case will go forward at all. Such a party will have no means of asserting his rights other than through counsel. If the infant or incompetent party is unable to retain private counsel and is also eligible for poor person status, the Court must determine whether appointment of counsel would be in order. Of course, this does not mean that appointment of counsel is required when it is clear that no substantial claim might be brought on behalf of such a party. Because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause," *Cooper*, 877 F.2d at 172, appointment should only be made where the allegations raise a claim which is likely to be of substance.

As addressed further below, the Court finds that the claims asserted in the Complaint are not substantial or likely to be of substance. *See A.M. ex rel. J.M.*, 840 F.Supp.2d at 675; *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute). Stevens' claims under the ADA (and whatever other

federal statutory claims the Complaint can liberally be construed to allege) fail to state a claim upon which relief can be granted. Her claims of negligence in relation to her slip-and-fall and the alleged attack on her children must be dismissed because there is no independent basis for subject matter jurisdiction over said claims, *see* 28 U.S.C. § 1332, and because the Court declines to exercise supplemental jurisdiction over them, *see* 28 U.S.C. § 1367(c).

### B.  Plaintiff's Claims

As discussed above, Plaintiff alleges that on February 1, 2015, her landlord, Defendants Ashley Management LLC, Renaissance "Luxury" Apartments, and/or Autumn Creek Apartments LLC was negligent when Plaintiff slipped in her apartment or on the premises due to water caused by a known leak in the kitchen ceiling that the landlord failed to repair. She also alleges that in December 2014, upon her move to Renaissance Place, her children were attacked by the child of another tenant and both she and the child experienced emotional harm as a result of the attack.

Based on the attack, Stevens alleges that she requested a transfer to the Autumn Creek Apartments and that, after she accepted Apartment 20H, she was advised that the apartment was not available and was then provided with an "infested" apartment, which led to her and her children requiring urgent medical attention for their asthma. She claims she was deceived into accepting this apartment when she was told that the apartment had not been previously occupied by tenants with pets.

1.  <u>ADA Claims and Other Federal Claims Arguably Alleged</u>

Because Plaintiff proceeds *pro se*, the Court must "construe[ ] [her] [Complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes*

7

*v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir.2013) (internal quotation marks omitted). The Complaint expressly refers to the ADA as a basis of her claim alleging that the Defendants deceived her into taking an apartment that had been occupied by pets in the past and refused to replace the carpeting as a reasonable accommodation for her and her children's asthma. The Complaint, however, does not indicate whether the claims are brought under Title II (public services) or Title III (public accommodation) of the ADA. 28 U.S.C. § 12132 *et seq.* (Title II) and § 12182 *et seq.* (Title III).

The ADA claim fails under either Title. Defendants do not qualify as "public entit[ies]"[2] under Title II, and so are not subject to suit under that Title. S*ee* 42 U.S.C. § 12132; *see, e.g., Logan v. Mitveeskii*, 57 F. Supp. 2d 234, 253 (S.D.N.Y. 2014) ("The ADA . . . prohibit[s] discrimination based on disability by public entities."). Nor does a "residential facility, such as an apartment" constitute "a place of public accommodation," so is therefore not subject to Title III of the ADA. *Reid v. Zackerman,* 2005 WL 1993394, at * 4 (E.D.N.Y., Aug. 17, 2005) (citation omitted); *see also Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, No. 13-CV-7038 PKC, 2014 WL 2993448, at *5 (E.D.N.Y. July 2, 2014) ("[T]he ADA does not apply to private landlords, even if the premises are used for public subsidized housing.") (citation omitted)); *Lancaster v. Phillips Investments, LLC*, 482 F.Supp.2d 1362, 1366-67 (M.D. Ala. 2007); *Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.,* 840 F. Supp. 1328, 1344 n. 14 (N.D. Cal. 1993) ("[T]he legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities."). Accordingly, because the Defendants are not

---

[2] A "public entity" under the ADA includes, *inter alia*, "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131.

covered entities under the ADA, the ADA claims set forth in the Complaint must be dismissed with prejudice.[3]

2. Fair Housing Act

Because the Complaint was filed *pro se*, the Court construes it to allege, in addition to a claim under the ADA, a claim under the Fair Housing Act, as amended by the Fair Housing Act Amendments of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq.*[4] "The FHA originally prohibited discrimination on the basis of race, color, religion, or national origin," but "[t]he Fair Housing Amendments Act of 1988 extended the Fair Housing Act's principle of equal opportunity in housing to individuals with handicaps," by "making it unlawful to 'discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services o[r] facilities in connection with such dwelling, because of a handicap of that person.'" *Bentley v. Peace & Quiet Realty 2 LLC,* 367 F. Supp. 2d 341, 344 (E.D.N.Y. 2005) (quoting 42 U.S.C. § 3604(f)(2)(A)); *see also City of Edmonds v. Oxford House, Inc.,* 514 U.S. 725, 728 n. 1 (1995) ("The FHA, as originally enacted in 1968, prohibited discrimination based on race, color, religion, or national origin. . . .  In 1988, Congress extended coverage to persons with handicaps. . . ."). "Discrimination for the purposes of this subsection includes 'a refusal

---

[3] While the Complaint arguably can be construed as alleging a claim under the Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. § 794 *et seq.*, there are no allegations that Defendants receive federal financial assistance and, therefore, even if liberally construed as alleging a claim under the Rehabilitation Act, the Complaint fails to state a claim upon which relief can be granted. *Id.*, § 794(a) (The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.").

Even if the Rehabilitation Act were to apply to the claims alleged herein, the claims would nonetheless be dismissed for their failure to state a claim upon which relief can be granted inasmuch as a reasonable accommodation claim under the ADA, FHA (discussed below), and Rehabilitation Act is treated the same under all three statutes. *See Tsombanidis v. W. Haven Fire Dep't,* 352 F.3d 565, 573 & n. 4 (2d Cir. 2003); *Bryant Woods Inn, Inc. v. Howard County,* 124 F.3d 597, 603 (4th Cir. 1997); *Siefken v. Vill. of Arlington Heights,* 65 F.3d 664, 666 n. 1 (7th Cir. 1995).

[4] The Court presumes, without deciding, that Defendants are subject to the provisions of the FHA. *See* 42 U.S.C. § 3603(a)(2); *see also* 42 U.S.C. § 3602(b) (definition of "[d]welling").

to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [an individual with a disability] equal opportunity to use and enjoy a dwelling[.]'" *Wilson v. Wilder Balter Partners, Inc.*, No. 13-CV-2595 KMK, 2015 WL 685194, at *6 (S.D.N.Y. Feb. 17, 2015) (quoting 42 U.S.C. § 3604(f)(3)(B)).

A plaintiff may establish that a defendant has engaged in discrimination under the FHA through "three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Tsombanidis v. W. Haven Fire Dep't,* 352 F.3d 565, 573 (2d Cir. 2003). The only theory arguably raised in the Complaint is a failure to make a reasonable accommodation to Plaintiff by failing to change the carpets in Apartment 140G at Autumn Creek Apartments. (Complaint, Section 5A-B, at 4.)

"Claims of housing discrimination are evaluated under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)." *Mancuso v. Douglas Elliman LLC,* 808 F. Supp. 2d 606, 617 (S.D.N.Y. 2011). Under this framework, a plaintiff must first establish a "prima facie case" of discrimination, and then "[t]he burden . . . shift[s] to the [defendant] to articulate some legitimate, nondiscriminatory reason for the [challenged decision.]" *McDonnell Douglas Corp.*, 411 U.S. at 802-03. "'If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action.'" *Mancuso*, 808 F. Supp. 2d at 617 (quoting *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003)).

To make out a prima facie claim of discrimination under the FHA based on a failure to reasonably accommodate, a plaintiff must allege that: "(1) [s]he suffers from a handicap as defined by the FHA[ ] . . .; (2) the defendant knew or reasonably should have known of the plaintiff's handicap . . .; (3) accommodation of the handicap . . . may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) [the] defendant[ ] refused to make such accommodation."[5]  *Sinisgallo v. Town of Islip*, 865 F. Supp. 2d 307, 336 (E.D.N.Y. 2012); *see also Logan,* 57 F. Supp. 3d at 256. "To prevail on a reasonable accommodation claim, plaintiffs must first provide the [covered] entity an opportunity to accommodate them through the entity's established procedures. . . ."  *Tsombanidis,* 352 F.3d at 578.

Plaintiff's Complaint, construed liberally, fails to allege a plausible claim for relief under the FHA.  *See Iqbal*, 556 U.S. at 677-78.  While the Court assumes for purposes of this review under 28 U.S.C. § 1915(e))(2)(B) that asthma is a "handicap"[6] as defined by the FHA, the Complaint is, at most equivocal and conclusory as to whether Plaintiff suffers from asthma or whether it was one of both of her children that had "asthma attacks."  Plaintiff alleges no facts to support that she suffers from a handicap as defined by the FHA.  *See* 42 U.S.C. § 3602(h).  She also fails to allege that the Defendants were aware of her handicap and that she requested the Defendants to

---

[5] The Court notes that the United States Court of Appeals for the Second Circuit has held that at Title VII discrimination plaintiff "need not plead a prima facie case under *McDonnell Douglas Corp. [v. Green*, 411 U.S. 792 (1973)], at least as the test was originally formulated, to defeat a motion to dismiss."  *Dooley v. Jet Blue Airways Corp.*, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015).  Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed."  *EEOC v. Port Auth. of N.Y. & N.J.,* 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

[6] "Handicap" under the FHA is defined as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment. . . ."  42 U.S.C. § 3602(h).

reasonably accommodate her handicap.  *See Sinisgallo*, 856 F.Supp.2d at 339 ("Relevant to the Plaintiffs' FHA claim is not only the existence of a disability, but whether the [defendant] was aware of the disability when making the decision [challenged].").

Plaintiff alleges only that she requested a transfer to Autumn Creek Apartments and that when she accepted a transfer to Apartment 20H she was told that the apartment was unavailable and she was deceived into accepting another apartment, 140G, which was "infested." These allegations do not state a claim that is plausible on its face under the FHA that the Defendants "refus[ed] to make [a] reasonable accommodation[ ] in its rules, policies, practices, or services, when such accommodations may be necessary to afford [Plaintiff an] equal opportunity to use and enjoy a dwelling[.]'" *Wilson*, 2015 WL 685194, at *6 (quoting 42 U.S.C. § 3604(f)(3)(B)). While a complaint is not required to have "'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's claims, when construed with special solicitude, are nothing more than what the Supreme Court has stated is insufficient to state a claim upon which relief can be granted--*i.e.*, they are nothing more "than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*  Accordingly, Stevens' Complaint must be dismissed.

While leave to amend a *pro se* complaint should be permitted at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted), leave may be denied where amendment would be futile. *See, e.g.*,

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[ ] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). The Court finds any amendment of the Complaint would be futile and leave to amend is denied.

### 3. Negligence Claims

Plaintiff's claims of negligence relating to her slip-and-fall and the attack on her children must be dismissed based on the lack of subject matter.[7] Plaintiff alleges that she and the Defendants all reside in New York. (Complaint, Section 3, Parties to this Action, at 2.) It is well-settled that "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "In other words, federal subject-matter jurisdiction based on diversity is unavailable unless [Plaintiff's] pleadings demonstrate that it does not share citizenship with any of the defendants-appellees." *Id.* (citing *John Birch Society v. National Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967)).

Based on the allegations set forth in the Complaint, Plaintiff has not established diversity of citizenship jurisdiction over her state common law claims of negligence. 28 U.S.C. § 1332(a). Moreover, based on the dismissal of the ADA and other federal claims that may have been raised in the Complaint, the Court declines to exercise

---

[7] The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967 (1988) (citations omitted).

supplemental jurisdiction over the negligence claims.  See 28 U.S.C. § 1367(c); *see, e.g.*, *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (internal quotation and alteration marks omitted).

## **CONCLUSION**

Plaintiff Tracy Stevens has met the statutory requirements of 28 U.S.C. § 1915(a) and, accordingly, her request to proceed *in forma pauperis* is granted.  For the reasons discussed above, (1) the claims brought on behalf of Stevens' minor children, C.T. and A.T., are dismissed without prejudice, (2) Stevens' ADA and other federal claims raised in the Complaint are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) the state law negligence claims raised in the Complaint are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**ORDER**

IT HEREBY IS ORDERED, that plaintiff Tracy Stevens' request to proceed *in forma pauperis* is granted;

FURTHER, that (1) the claims brought by Stevens on behalf of her minor children, C.T. and A.T., are dismissed without prejudice, (2) the ADA and other federal claims raised in the Complaint brought by Stevens on her own behalf are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) the state law negligence claims raised in the Complaint are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED: February 16, 2016
Buffalo, NY